Marie B. Maurice, Esq. (SBN 258069)
mmaurice@imwlaw.com
Michelle Zhang, Esq. (SBN 348359)
mzhang@imwlaw.com
IVIE McNEILL WYATT PURCELL & DIGGS
A Professional Law Corporation
444 South Flower Street, Suite 3200
Los Angeles, California 90071
T: (213) 489-0028/F: (213) 489-0552
Attorneys for Defendant,
**HOME DEPOT U.S.A., INC.**
(erroneously and additionally sued as THE HOME DEPOT STORE NO. 1077)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GHOLAMREZA S. MOTAMEDI,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC; THE HOME DEPOT STORE NO. 1077, DOE 1, DOE 2 and DOE 3 through 20, inclusive<br><br>Defendant. | Case No.:<br><br>**EXHIBIT A IN SUPPORT OF NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332; JURY TRIAL DEMANDED** |

# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 05/02/2025 03:08:29 PM.
30-2025-01480125-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By V. Perez, Deputy Clerk.

Morteza Aghavali, Esq., Bar No. 259010
**Law Offices of Morteza Aghavali**
1560 Brookhollow Drive, Suite 101
Santa Ana, CA 92705
Tel: 714-850-1582
Fax: 714-850-1609

Attorney for Plaintiff

**Assigned for All Purposes**
Judge Lindsey Martinez

SUPERIOR COURT OF STATE OF CALIFORNIA
COUNTY OF ORANGE

| | |
|---|---|
| GHOLAMREZA S. MOTAMEDI,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT USA INC., THE HOME DEPOT STORE NO. 1077, DOE 1, DOE 2; and DOES 3 through 20, inclusive.<br><br>Defendants. | **Case No.:** 30-2025-01480125-CU-PO-CJC<br><br>**COMPLAINT FOR PERSONAL INJURY**<br><br>**(1) PREMISES LIABILITY-NEGLIGENCE**<br>**(2) NEGLIGENCE**<br>**(3) NEGLIGENT HIRING, SUPERVISION AND RETENTION**<br>**(4) RESPONDEAT SUPERIOR**<br><br>**UNLIMITED JURISDICTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

1. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 3 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

2. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by that negligence.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants were the agents and employees of each of the remaining Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency and employment.

4. At all relevant times, Defendant HOME DEPOT U.S.A., INC. ("Home Depot") was and is a corporation authorized to conduct business in the State of California, operating retail home improvement stores under the name "The Home Depot."

5. Defendant THE HOME DEPOT STORE NO. 1077 ("Store No. 1077") is the specific Home Depot location where the accident occurred situated at 27401 La Paz Road, Laguna Niguel, California 92677, operated and managed by Defendant HOME DEPOT U.S.A., INC.

6. Defendant DOE 1 was at all relevant times the store manager at Store No. 1077 and responsible for supervising the employees, training, and safe operation of the store.

7. Defendant DOE 2 was at all relevant times an employee at Store No. 1077 who negligently directed Plaintiff to perform a dangerous task and provided unsafe equipment.

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was the agent, servant, employee, partner, joint venturer, and/or alter ego of each of the remaining Defendants and was acting within the course and scope of such relationship.

**FIRST CAUSE OF ACTION**

**PREMISES LIABILITY – NEGLIGENCE**

(Against All Defendants)

9. On or about May 15, 2023, Plaintiff lawfully entered The Home Depot Store No. 1077 to purchase some 2x8x10 lumber.

10. Plaintiff requested assistance from employees in retrieving the lumber, which was located on an elevated rack. Plaintiff was refused assistance and instead was handed a ladder by DOE 2, who instructed Plaintiff to climb the ladder and retrieve the lumber himself.

11. Plaintiff, relying on the store employee's authority and representation that no

assistance was available, used the ladder and climbed to access the lumber. While attempting to pull down the wood. Plaintiff lost balance and fell backwards, striking the ground with force and sustaining serious injuries.

12. The act of instructing a customer to climb a ladder and retrieve materials without employee support or supervision created a dangerous and unreasonable risk of harm.

13. Defendants knew or should have known of the foreseeable dangers of requiring customers to retrieve heavy construction materials from elevated racks without training or assistance.

14. As a direct and proximate result of Defendants' negligence in creating and permitting this dangerous condition on the property, Plaintiff suffered serious bodily injuries, emotional distress, and incurred medical and related expenses.

15. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff suffered general damages and has incurred, and will continue to incur, medical and related expenses in an amount according to proof.

16. As a further proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred, and will continue to incur, loss of earning and future earnings in an amount according to proof.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE**

(Against DOE 2 and DOES 3 through 20)

17. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

18. DOE 2, an employee of Defendants Home Depot, and Store No. 1077 negligently instructed Plaintiff to retrieve heavy, elevated lumber by himself using the ladder and without proper guidance, training, or supervision.

19. DOE 2 failed to offer assistance or assess whether Plaintiff was physically capable or trained to undertake such a task.

20. The dangerous condition arose not just from the equipment, but more importantly

from the employee's affirmative and negligent directive.

21. As a direct and proximate result of this negligence, Plaintiff fell and sustained serious injuries including head trauma, pain, suffering, and economic losses.

22. That as a direct and proximate result of the negligence of Defendants, and each of them, as aforesaid, by reason of the collision thereby caused, Plaintiff sustained bodily injury as well as shock and injury to his nervous systems, all of which have caused, now cause, and Plaintiff is informed and believes may or will continue to cause pain and suffering both physical and mental.

23. That as a further direct and proximate result of the negligence of Defendants, and each of them, as aforesaid, by reason of the collision thereby caused, Plaintiff was required to obtain care from and incur expenses for the services of medical providers and practitioners and incurred medical, hospital and incidental expenses.

**THIRD CAUSE OF ACTION**

**NEGLIGENT HIRING, SUPERVISION, AND RETENTION**

(Against HOME DEPOT U.S.A., INC.; THE HOME DEPOT STORE NO. 1077, and DOE 1)

24. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

25. Defendants HOME DEPOT U.S.A., INC., THE HOME DEPOT STORE NO. 1077, and DOE 1, the store manager, had a duty to hire, train, and supervise their employees in such a way that customers would not be exposed to foreseeable risks of injury while shopping or retrieving merchandise.

26. Defendants failed to implement reasonable safety protocols, failed to train DOE 2 properly, and failed to enforce policies preventing employees from instructing customers to retrieve materials without assistance.

27. These negligent hiring, supervision, and retention practices were a substantial factor in causing Plaintiff's injuries.

28. As a direct and proximate result, Plaintiff incurred serious injuries and damages as previously alleged.

29. Plaintiff is informed and believes and thereon alleges that. these injuries will result in his disability. As a result of these injuries. Plaintiff has suffered general damages.

30. Plaintiff is informed and believes and thereon alleges that. as a further direct and legal result of the negligence of defendants. and each of them, plaintiff has incurred. and will continue to incur, medical and related expenses. Plaintiff does not know at this time the exact amount of expenses that have been incurred and that will be incurred in the future.

31. Plaintiff is informed and believes and thereon alleges that. as a further direct and legal result of the negligence of defendants as set forth above, Plaintiff sustained mental anguish and pain and suffering and continues to suffer humiliation, embarrassment, mental and emotional distress, and distress, and discomfort. all to Plaintiff's damage in an amount to be determined by proof at trial.

**FOURTH CAUSE OF ACTION**

**RESPONDEAT SUPERIOR**

(Against HOME DEPOT U.S.A.. INC. and THE HOME DEPOT STORE NO. 1077)

32. Plaintiff repeats and realleges each and every preceding paragraph as though fully set forth herein.

33. DOE 2 was at all relevant times an employee of Defendants HOME DEPOT U.S.A., INC. and Store No. 1077. and was acting within the course and scope of his employment when he instructed Plaintiff to retrieve lumber and provided the ladder.

34. The negligent acts and omissions of DOE 2 are therefore imputed to the employer defendants under the doctrine of respondeat superior.

35. As a direct and proximate result of DOE 2's conduct. for which the employer is vicariously liable. Plaintiff suffered injuries and economic and non-economic damages.

36. In the course and scope of his employment for Defendants HOME DEPOT U.S.A., INC. and Store No. 1077, Defendant DOE 2 committed acts of recklessness and negligence that directly and proximately caused Plaintiff's physical injuries resulting in economic and non-economic damages.

37. That as a direct and proximate result of the negligence of Defendants, and each of

them, as aforesaid, by reason of the collision thereby caused. Plaintiff sustained bodily injury as well as shock and injury to his nervous systems, all of which have caused, now cause, and Plaintiff is informed and believes may or will continue to cause pain and suffering both physical and mental.

38. That as a further direct and proximate result of the negligence of Defendants, and each of them, as aforesaid, by reason of the collision thereby caused, Plaintiff was required to obtain care from and incur expenses for the services of medical providers and practitioners and incurred medical, hospital and incidental expenses.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages according to proof;
2. For actual medical expenses incurred;
3. For future medical expenses, according to proof;
4. For loss of earning;
5. For future loss of earning;
6. For loss of future earning capacity;
7. For interest, according to law;
8. For costs of suit incurred herein; and
9. For such other and further relief as the Court may deem just and proper.

DATED: 5/02/2025

Law Offices of Morteza Aghavali

BY: ______________________
Morteza Aghavali
Attorney for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 444 South Flower Street, Suite 3200, Los Angeles, California, 90071.

On **July 31, 2025,** I served the foregoing document described as **EXHIBIT A IN SUPPORT NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332; JURY TRIAL DEMANDED** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **ONLY BY ELECTRONIC SERVICE:** Pursuant to CRC Emergency Rule 12, service has been made only by emailing the document(s) listed above to the persons at the e-mail address(es) listed above. This is necessitated during the declared National Emergency due to the global Coronavirus (COVID-19) pandemic because this office is working remotely, and is not able to send physical mail as usual; and is therefore using only electronic mail. No error message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. Propounding party will provide a physical copy, upon request only, when we return to the office at the conclusion of the Global Pandemic.

**[ ] BY FEDERAL EXPRESS/OR OTHER OVERNIGHT DELIVERY**: I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express or other overnight delivery service. Under that practice, it would be picked up by a representative on that same day, in the ordinary course of business and would be delivered the next business day.

[✓] (Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 31, 2025,** Los Angeles, California.

***/s/ Martha Carrillo***
MARTHA CARRILLO

**SERVICE LIST**

| | |
|---|---|
| Morteza Aghavli, Esq.<br>**LAW OFFICES OF MORTEZA AGHAVALI**<br>1560 Brookhollow Drive, Suite 101<br>Santa Ana, CA 92705<br>(T): 714.850.1582<br>(F): 714.850.1609<br>Email: mike@aghavalilaw.com | Attorneys for Plaintiff,<br>**GHOLAMREZA S. MOTAMEDI** |